**ADAM J. FISHBEIN, P.C.**
ATTORNEY AT LAW
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Telecopier (516) 791-4411

March 18, 2011

**VIA ECF**
The Honorable Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**RE: Koenig v. MBI
11 CV 254 (ENV) (JO)**

Dear Judge Vitaliano:

I represent the plaintiff in the above referenced matter and am responding to defendant's application for a pre-motion conference. In short, we believe that the motion would be an exercise in futility. What is most striking to the eye is the paucity of caselaw set forth in defendant's letter. What is the second most striking aspect of the letter is that with all of the caselaw developed over the years (including all of the decisions in which the undersigned was counsel of record) the defendant has cited only to cases decided over 20 years ago. What is third most striking is that the primary case to which defendant has cited is a district court case outside of even the Second Circuit Court of Appeals.

After having digested the foregoing, plaintiff respectfully requests that the Court consider some cases developed more recently. Plaintiff complains that the said language threatens actions in which the defendant does not intend to engage and for which the defendant did not have authorization at the time of the sending of the collection letter.

"The purpose of the FDCPA is to protect consumers from abusive, harassing, threatening, misleading and otherwise unscrupulous debt collection practices." *Meselsohn v. Lerman*, 485 F.Supp.2d 215, 216 (E.D.N.Y. 2007) *citing to Russell v. Equifax A R.S.*, 74F.3d 30, 33 (2d. Cir. 1996)

It has been well established that the use of any false, deceptive or misleading representation in a collection letter violates the FDCPA, regardless of whether the representation in question violates particular subsection of FDCPA prohibiting false or misleading representations. *See Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir.1993). Debt collection practices can be false, deceptive, or misleading in violation of Fair Debt Collection Practices Act (FDCPA) even if practice does not fall within any of the statutory categories listed as being false or misleading representations. *See id.*

The Court in *Clomon* further establishes that the most widely accepted test for determining whether collection letter is false or misleading representation, thereby violating Fair Debt Collection Practices Act (FDCPA), is objective standard based on "least sophisticated consumer" standard. *See id.* This standard serves a dual purpose in that it endures protection of all consumers, even naive and trusting, against deceptive debt collection practices and protects debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices. See id. Fundamentally, it is well settled that the basic purpose of [this standard] is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. *See id. See also Teng v. Metropolitan Retail Rcovery Inc.*, 851 F. Supp. 61 (E.D.N.Y. 1994).

*McMillan v. Collection Professionals Incorporated*, 455 F.3d 754 (7th Cir. 2006) quotes the following: "One of the most frequent fallacies concerning debt collection legislation is that contention that the primary beneficiaries are 'deadbeats.' In fact, however, there is universal agreement among scholars, law enforcement officials, and even debt collectors that the number of persons who willfully refuse to pay just debt is miniscule. . . [T]he vast majority of consumer who obtain credit fully intend to repay their debts. When default occurs, it is nearly always due to an unforeseen event such an unemployment, overextension, serious illness, or marital difficulties or divorce." *See* S.Rep. No. 95-382, at 2 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1697.

Plaintiff observes that the debt is rather small. The letter threatens that after 10 days the account will be reviewed to determine whether further proceedings are warranted. Where the debt is only $109.38, there will not be any review whatsoever. Upon information and belief, there will not be any review. Plaintiff submits that it is likely that the collection strategy and letter series has already been established within the defendant's computer system. However, without a discussion of what discovery will yield, the letter plainly threatens the possibility of legal action for small debt. In a fairly recent matter where Judge Cogan decided the matter at the initial conference after letter briefing, similar language withstood a motion to dismiss. See attached the *Zugay v. Professional* docket entry and complaint.

We cite to *Berger v. Suburban Credit Corp.*, 2006 WL 2570915 * 7 (E.D.N.Y. Sept 5, 2006.) which strongly supports plaintiff's position. The collection letter at issue in that case stated: "We shall take whatever steps necessary to pursue collection." Magistrate Judge Pollak found that the defendant did not have authorization at the time of the sending of the letter to take whatever action necessary to pursue collection. Plaintiff submits that defendant did not have the authorization to cause the plaintiff undue problems upon instituting collection procedures. Furthermore, plaintiff submits that the letter also threatens that the underlying creditor will cause the plaintiff undue problems as well which we contend is deceptive and a false threat as well. *See Leone v. Ashwood*, 257 F.R.D. 343 (E.D.N.Y. 2009) wherein Judge Spatt relied heavily upon *Berger v. Suburban*. Here the language is more egregious than in the *Berger* because in the *Zugay* collection letter the collection agency used to word procedures. Here, the defendant has intentionally used the proceedings. Proceedings clearly means legal action in the mind of

the least sophisticated consumer, or even in the mind of the most shrewd consumer.

There is no doubt that the threat is made by the debt collector itself. According to *Jackson v Immediate Credit Recovery, Inc.*, 2006 WL 3453180, at *6 (EDNY Nov. 28, 2006), "Factors courts consider include whether the threat is made by the debt collector itself. . . ; whether the letter specifically states legal action will be taken or merely describes available alternatives including possible legal action; whether the debt collector is authorized by its client to take legal action; and whether the debt collector likely intended to, and was capable of, carrying out its threatened action." Plaintiff contends that the within defendant cannot fulfill these factors. It has intimidated the least sophisticated consumer with legal action and other illegal actions, of which it is not capable of carrying out, and for which it is not authorized to carry out.

I also ask the Court to review two of my other decisions not necessarily published in *Failla v. Cohen* and *Kohn v. Paul Michael* where the letters do not threaten absolute legal action.

Lastly, the letter not only threatens illegal actions but threatens them within a certain time frame which we contend will not occur. The letter threatens review and legal action after 10 days. *See Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60 (2d Cir. 1993) wherein the Second Circuit found language that action was imminent.

Thank you for the Court's consideration of the foregoing.

Yours faithfully,

Adam J. Fishbein

cc: Sergio Alves, Esq.



Adam J. Fishbein <fishbeinadamj@gmail.com>

# Activity in Case 1:10-cv-01944-BMC Zugay v. Professional Recovery Consultants, Inc. Order on Motion for Pre Motion Conference

1 message

**ecf_bounces@nyed.uscourts.gov <ecf_bounces@nyed.uscourts.gov>** **Fri, Jun 18, 2010 at 4:24 PM**

To: nobody@nyed.uscourts.gov

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court

Eastern District of New York

## Notice of Electronic Filing

The following transaction was entered on 6/18/2010 at 4:24 PM EDT and filed on 6/18/2010

**Case Name:** Zugay v. Professional Recovery Consultants, Inc.
**Case Number:** 1:10-cv-01944-BMC
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**Minute Entry for Initial Status Conference held before Judge Brian M. Cogan on 6/17/2010. Counsel for both sides present. The Court denied [7] defendant's letter motion to dismiss on the grounds that it is premature without discovery; the motion is denied without prejudice subject to renewal on summary judgment. The Court So Ordered the parties' Civil Case Management Plan, which will be docketed separately. All non-expert discovery is to be completed by 9/15/2010. (Weisberg, Peggy)**

**1:10-cv-01944-BMC Notice has been electronically mailed to:**

Adam Jon Fishbein fishbeinadamj@gmail.com, rikifish@gmail.com

Barry Jacobs bjacobs@agfilaw.com

**1:10-cv-01944-BMC Notice will not be electronically mailed to:**

UNITED STATES DISTRICT COURT CV - 10 1944
EASTERN DISTRICT OF NEW YORK

APR 2 1 2010

DRAGANA ZUGAY on behalf of himself and all others similarly situated,

Plaintiff,

-against-

PROFESSIONAL RECOVERY CONSULTANTS, INC.

Defendant.

COGAN, J.

REYES, JR, M.

**CLASS ACTION COMPLAINT**

***Introduction***

1. Plaintiff Dragana Zugay seeks redress for the illegal practices of Professional Recovery Consultants, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

***Parties***

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt, purportedly owed to Chase Bank USA, N.A.

4. Upon information and belief, defendant is an North Carolina corporation with its principal place of business located in Durham, North Carolina.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

***Jurisdiction and Venue***

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the collection letter was sent into this district.

***Allegations Particular to Dragana Zugay***

9. Upon information and belief, on a date better known by defendant, defendant began to attempt to collect an alleged consumer debt from the plaintiff.

10. Upon information and belief, on or about April 6, 2010 the defendant sent the plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. Said letter states in part: "It is not our desire or that of our client to cause you any undue problems. However, we intend to institute collection procedures on this claim after thirty (30) days of receipt of this letter."

12. Said language threatens that stronger steps will be taken to accomplish and bring about collection.

13. Said language implies that stronger steps would be taken.

16. Said language implies that stronger collection action will be undertaken unless the debt is paid in full.

17. Upon information and belief, at the time of the sending of the April 6, 2010 letter,

defendant did not have the authorization to cause the debt to not go away.

18. The said actions of the defendant are in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(5) and 1692e(10) for engaging in falsely threatening and deceptive practices.

**AS AND FOR A FIRST CAUSE OF ACTION**

***Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of herself and the members of a class, as against the defendant.***

19. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-18 as if set forth fully in this cause of action.

20. This cause of action is brought on behalf of plaintiff and the members of a class.

21. The Class consists of consumers who received the same form letter, as did the plaintiff.

22. The Class consists of all persons whom Defendant's records reflect resided in the New York City and who were sent a collection letter concerning Chase Bank USA, N.A (a) bearing the defendant's letterhead sent to the plaintiff on or about April 6, 2010 (b) the collection letter was sent to a consumer seeking payment of an alleged debt; and (c) the collection letter was not returned by the postal service as undelivered, (d) and that the letter contained violations of 15 U.S.C. §§ 1692e(5) and 1692e(10) by engaging in deceptive and unfair practices.

23. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members

is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

24. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

25. If the facts are discovered to be appropriate, the plaintiff will seek to certify a

class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

26. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

***Violations of the Fair Debt Collection Practices Act***

27. The defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

28. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in her favor and on behalf of the members of the class, and against the defendant and award damages as follows:

(a) Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
April 27, 2010

Adam J. Fishbein (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Web Images Videos Maps News Shopping Gmail more ▾    Scholar Preferences | Sign in

Google scholar    Search    Advanced Scholar Search

Read this case | How cited

Failla v. Cohen, Dist. Court, ED New York 2005

(2005)

JOYCE FAILLA, Plaintiff,
v.
STEVEN COHEN AND MARK KRASSNER, D/B/A COHEN & KRASSNER Defendants.

03 CV 1252 (CBA)

United States District Court, E.D. New York.

March 10, 2005

# NOT FOR PUBLICATION ORDER

CAROL AMON, District Judge.

Plaintiff Joyce Failla ("Plaintiff") brings this action against defendants Steven Cohen and Mark Krassner ("Defendants") pursuant to the Fair Debt Collections Practices Act ("FDCPA"), alleging that a letter written to plaintiff by defendants' law firm, Cohen & Krassner threatened litigation when none was intended and was designed to mislead the plaintiff, in violation of 15 U.S.C. 1692e (5) and (10). Defendants have moved to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a cause of action. For the reasons stated herein defendants' motion to dismiss is denied.

# BACKGROUND

According to the Amended Complaint in this action, plaintiff incurred a personal debt to the Home Shopping Network in the amount of $64.50. This debt was referred to the defendant for collection whereupon the defendant sent plaintiff an initial letter dated December 17, 2002 ("the letter"). In this letter, defendants informed plaintiff that they had been retained with respect to the outstanding debt and stated, in relevant part that, "[w]e may proceed with suit against you without waiting 30 days if so requested by our client." Plaintiff alleges that this statement constitutes a threat against the plaintiff in violation of 15 U.S.C. § 1692e(5) and that it amounts to a deceptive act and misrepresentation against the plaintiff in violation of 15 U.S.C. § 1692e(10).

# DISCUSSION

## I. Motion to Dismiss Standard

In deciding a Rule 12(b)(6) motion, the Court's function is to determine whether the complaint is legally sufficient. See Festa v. Local 3 Int'l Bhd. of Elec. Workers, 905 F.2d 35, 37 (2d Cir. 1990). A motion to dismiss must be denied "unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46; accord Tarshis v. Riese Org., 211 F.3d 30, 35 (2d Cir. 2000). In reviewing plaintiff's complaint, the Court must accept as true the plaintiff's factual allegations, drawing all reasonable inferences in her favor. See Bolt Elec., Inc. v. City of New York, 53 F.3d 465, 469 (2d Cir. 1995). In ruling on a motion to dismiss, "the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991).

## II. Violation of § 1692e(5) and (10)

Section 1692e of the FDCPA establishes a general prohibition against the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. In determining whether a collection letter, such as defendants' Dec 17, 2002 letter, violates § 1692e, courts in this circuit apply the "least sophisticated consumer" test. Clomon v. Jackson, 988 F.2d 1314, 1318-19 (2d Cir. 1993); Tsenes v. Trans-Cont'l Credit and Collection Corp., 892 F. Supp. 461, 465 (E.D.N.Y. 1995); Unger v. Nat'l Revenue Group, Ltd., d/b/a Nat'l Revenue Recovery Group, 2000 U.S. Dist. LEXIS 18708 at *10 (E.D.N.Y. Dec. 8, 2000). The purpose of this standard is to protect all consumers, including the naive and trusting, against deceptive debt collection practices on the one hand, and to protect debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices on the other. Clomon, 988 F.2d at 1320.

Sections 1692e(5) and (10) prohibit a debt collector from making a "threat to take any action that cannot legally be taken or that is not intended to be taken," and from making "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," respectively. Plaintiff alleges that defendants' letter which stated that "we may proceed with suit against you without waiting thirty days if so requested by our client" constituted a threat in violation of these provisions because the defendants "have no intention of ever filing as the sum of the debt is nominal and the law firm of Cohen & Krassner has never and probably will never commence a lawsuit for less than sixty five dollars." (Plaintiff's Response at 2-3.)

The Court finds that a statement to the effect that a lawsuit might be filed, although not an explicit threat, could be understood by the "least sophisticated consumer" to mean that legal action was "authorized, likely and imminent." Bentley v. Great Lakes Collection Bureau, 6 F.3d 60, 62 (2d Cir. 1993). Because the language could have been understood as an implicit threat to commence legal action and because the complaint alleges that defendants had no intention of bringing such action, the complaint states sufficient claims under § 1692e(5) and (10) to survive a motion to dismiss. Tsenes, 892 F. Supp. at 465 (E.D.N.Y. 1995). The plaintiff will now have an opportunity to show that the defendant did not intend to bring any legal action. In order to prevail, plaintiff will have to demonstrate that the possibility of a lawsuit could be "ruled out." Sluys v. Hand, 831 F. Supp. 321, 327 (S.D.N.Y. 1993). "This may be established, for example, where 'a creditor had a fixed practice of not bringing suits against customers in order to promote good will, or had advertised an unlimited satisfaction guarantee inconsistent with such lawsuits." Unger, 2000 U.S. Dist. LEXIS 18708 at *10 (citing Wiener v. Bloomfield, 901 F. Supp. 771, 777 (S.D.N.Y. 1995)); Tsenes, 892 F. Supp. at 465 (E.D.N.Y. 1995); Sluys, 831 F. Supp. at 326-27.

## CONCLUSION

For the reasons set forth herein, defendants' motion for summary judgment is denied.

SO ORDERED.

## ORDER

In light of United States District Judge Carol B. Amon's decision denying defendant's motion to dismiss this action, the initial conference previously scheduled for July 7, 2003 will now take place 12:00 p.m. on March 31, 2005 before the undersigned.

Counsel are to refer to the original scheduling order, which appears as docket entry no. 3 on the docket sheet, and be prepared to set a discovery schedule at the initial conference.

Requests for adjournments must be made electronically only, with consent of all parties, no later than 48 hours prior to the conference.

SO ORDERED.

Go to Google Home - About Google - About Google Scholar

©2011 Google

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------X

ARON KHON,

Plaintiff,

-against-

PAUL MICHAEL MARKETING SERVICE, INC.,

Defendant.

---------------------------------------------------------X

CV-05-2771 (SJF)(MDG)

**OPINION & ORDER**

FEUERSTEIN, J.

Aron Khon (plaintiff) commenced this action against Paul Michael Marketing Service, Inc. (defendant) on June 9, 2005. Defendant now moves pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for judgment on the pleadings. For the reasons stated herein, defendant's motion is denied.

I. Background

A. Factual Background

Plaintiff commenced this class action, on behalf of himself and other similarly situated, against the defendant, a consumer debt collection agency, seeking damages and attorney's fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (FDCPA or the Act). (Compl. ¶¶ 5-6, 12). On November 15, 2004, defendant attempted to collect a $124.00 debt allegedly owed to Mount Sinai Center for Clinical Labs (creditor). (Id. ¶¶ 9-10).

Plaintiff complains that two sentences in the letter constitute "false threats and deceptive practices" in violation of Sections 1692e(5) and 1692e(10) of the FDCPA. (Id. ¶¶ 11-12). The collection letter contains the following language:

> If said sum is not received immediately, we will have no alternative but to advise our client of your continued refusal to pay the amount due. Our client will then have to choose whether or not to take legal action on this claim.

(Compl., Ex.). Plaintiff alleges that this language implies a threat of legal action against the consumer, but that defendant has no intention to bring legal action and presumably has no knowledge as to whether the creditor will bring legal action either. (Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Judgment on the Pleadings, dated Nov. 14, 2005 [Pl.'s Mem.], at 5-7). Plaintiff contends that there is a strong likelihood that the creditor never initiates legal action for such small debts and that plaintiff has not had the opportunity to show whether the creditor actually intended or considered whether to commence a lawsuit in this case. (Id. at 5).

Defendant concedes that violations of the FDCPA have been found where the collection letter threatens legal action that the debt collector did not intend to take. (Defendant's Memorandum of Law in Support of Defendant's Motion for Judgment on the Pleadings, dated Oct. 12, 2005 [Def's Mem.], at 11). In this case, however, defendant contends that the language of the collection letter is "not susceptible to more than one reasonable interpretation" and that the "letter contains no contradictory or threatening language, which could be subject to misinterpretation by the plaintiff. There are no threats of legal action or statements that the matter was referred to a lawyer for litigation." (Id. at 11-12). Defendant fails to address plaintiff's argument that the language could suggest that legal action is a possible consequence of failure to pay when, in practice, the debt collector and/or the client never take such action for a debt of this amount.

II. Discussion

A. Federal Rules of Civil Procedure 12(c)

Rule 12(c) of the Federal Rules of Civil Procedure states, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." When deciding a motion under Rule 12(c), the court should use the same standard as that applicable to a motion under Rule 12(b)(6), "accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party." D'Alessio v. New York Stock Exch., Inc., 258 F.3d 93, 99 (2d Cir. 2001) (internal citations and quotations omitted). The court may dismiss the complaint only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Burnette v. Carothers, 192 F.3d 52, 56 (2d Cir. 1999) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

B. FDCPA § 1692e(5) and (10)

Section 1692e of the FDCPA prohibits debt collectors from using "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. In determining whether a debt collection letter violates the Act, courts in the Second Circuit apply the "least sophisticated consumer" test. Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993). "The basic purpose of the least-sophisticated-consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. The standard is consistent with the norms that courts have traditionally applied in consumer-protection law." Id. Sections 1692e(5) and (10) prohibit a debt collector from making a "threat to take any action that cannot legally be taken or that is not intended to be taken," and from using "any false representation or

deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," respectively. "Deceptiveness," within the meaning of Section 1692e, includes ambiguity, and a collection notice is deceptive if it is "reasonably susceptible to an inaccurate reading." Russell v. Equifax A.R.S., 74 F.3d 30, 35 (2d Cir. 1996).

Plaintiff alleges that defendant's letter, which states that in the event payment is not received "immediately . . . [o]ur client will then have to choose whether or not to take legal action on this claim," is a threat in violation of the Act because defendant, and defendant's client, have "no intention to bring legal action." (Pl.'s Mem. at 7). Courts look to the facts and circumstances of the case in determining wether the language can be interpreted as threatening legal action in violation of the FDCPA.

If the debt collector is not authorized by its client to pursue legal action, or if legal action was never intended to be taken, threats of legal action have been found to violate Section 1692e(5). See Bentley v. Great Lakes Collection Bureau, 6 F.3d 60, 62-63 (2d Cir. 1993) (finding that the statement, "[the creditor has] instructed us to proceed with whatever legal means is necessary to enforce collection" violated the Act because the contract between the debt collector and the creditor explicitly provided that prior written authorization was required from the creditor before the collection agency could commence litigation); Sluys v. Hand, 831 F. Supp. 321, 326-27 (S.D.N.Y. 1993) ("If a step threatened by a debt collector 'is not intended to be taken [by the creditor],' 15 U.S.C. § 1692e(5) may be violated.").

In order to prevail, plaintiff must establish that the possibility of a lawsuit could be "ruled out." Sluys, 831 F. Supp. at 327. However, because plaintiff alleges that defendant and its client have no intention of bringing such action, and defendant has failed to provide a dispositive

contract with its client or proof of prior legal action on similar amounts, the complaint is sufficient to survive a motion for judgment on the pleadings. See Failla v. Cohen, 03 CV 1262, 2005 U.S. Dist. LEXIS 17434, at *5 (E.D.N.Y. Mar. 10, 2005); Kapeluschnik v. Leschack & Grodenskv, P.C., 96 CV 2399, 1999 U.S. Dist. LEXIS 22883, at *23 (E.D.N.Y. Aug. 25, 1999).

III. Conclusion

For the reasons stated herein, defendant's motion to dismiss on the pleadings is denied.

SO ORDERED

SANDRA J. FEUERSTEIN
United States District Judge

Dated: October 24 2006

Copies to:

Arthur Sanders, Esq.
2 Perlman Drive – Suite 301
Spring Valley, NY 10977-5230

Adam Fishbein, Esq.
735 Central Avenue
Woodmere, NY 11598